**Charles B. Smith, Appellant, v. Anna Pearl Smith, Appellee.**

CUSTODY OF CHILDREN—*how question determined.* Where the parents of a child have been divorced and an application is made for a change in the decree awarding the custody of the issue of the marriage, the best interests of the child are the main consideration in determining the question involved.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

JAMES F. GIBSON and GEORGE V. HELFRICH, for appellant.

FLACK & LAWYER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant and appellee were married in November 1897, and as the fruit of such marriage a son, Gerald Alleyne, was born in 1901. In February, 1906, appellant was granted a divorce from appellee on the ground of the latter's adultery with John W. Price. By the decree the court found that appellee was a person wholly unfit to have the care, custody, control or education of the child and the same was awarded to appellant. The decree further provided that appellee might have the child visit her ten days in each and every year, such visits not to interfere with the child's attendance at school, and that the child might visit the parents of each of the parties ten days of each and every year, and longer if permission was obtained, and that there should be no interference by appellee with the care, custody and control of said child, until the further order of the court. In March, 1906, being about six weeks after her divorce from appellant, appellee was married to Price, the co-respondent in said

divorce proceedings, and in August following, appellee gave birth to a son, as to the paternity of which she admits she is in doubt.

In October, 1908, appellant remarried, and resides in Carthage, his aged parents residing with him. Appellee resides in Macomb with her husband and child. On January 25, 1909, appellee filed her petition wherein she alleges in substance that after the decree of divorce was entered appellant moved to Carthage, Illinois, taking their child with him, and has the custody and control of said child at said place; that upon several occasions thereafter she went to the home of appellant for the purpose of seeing said child, but was not permitted to do so by the wife of appellant and by other members of his household; that appellant has refused to permit said child to visit her at any time and has refused to permit said child to visit her parents, notwithstanding her requests at such times as would not interfere with the child's attendance at school; that appellant and his wife are not fit persons to have the custody and control of said child and that said child is constantly neglected and does not receive proper care and education; that she has a good home in Macomb, and if she and her husband are given the care, custody and control of said child they will properly care for and educate him. The petition prays that the original decree be modified so that the care, custody, control and education of the child shall be awarded to appellee, or in case she is not given the absolute control of the child that she may be awarded the custody and control of the child for at least one-half of the time, without the interference of appellant. To this petition appellant filed his answer denying that the child was neglected and did not receive proper education, or that appellee was not permitted to see the child, and expressly averring the contrary and the ability of appellant to properly care for and educate said child. The answer further avers that appellee

and her husband were wholly unfit persons to have the custody of the child, and that they had threatened to take said child with them out of the jurisdiction of the court as soon as they could get possession of him, and that for fear that they would carry out said threat appellant had refused appellee permission to take said child away from his home. The chancellor heard the cause upon the depositions and oral testimony of witnesses and entered a decree modifying the former decree and awarding the care, custody, control and education of the child to appellee until further order of the court. The decree further provides that the said child may visit appellant ten days in each and every year and that appellant shall have the right to visit said child at the home of appellee at all reasonable times. This appeal is prosecuted to reverse said decree.

A most careful examination and consideration of the evidence, and of the facts and circumstances appearing in the record, persuades us that the decree is unwarranted and must be reversed.

There is not a scintilla of evidence tending to show that appellant is an unfit person to have the custody of the child, other than the fact that when he left Macomb to reside in Carthage he was indebted to a few persons in inconsiderable amounts, and we think this is fully accounted for, without imputing dishonesty to appellant, by the fact that he had then been in the hospital for about four weeks, unable to earn anything and was necessarily burdened with unusual expenses incident to his illness.

The evidence discloses that appellant is a laborer earning about $40 a month; that he is industrious and sober and very much attached to his child; that appellee has no property of her own, but is wholly dependent for her support upon her husband who is a kiln burner earning from $65 to $75 a month.

A decided preponderance of the evidence tends to show that the child is comfortably and neatly clothed; that he is a regular attendant at the public school and that he attends Sunday School; that he is much attached to his present home and to his father, his grandparents and his step-mother; that his step-mother is a woman of good character. What the husband of appellee will be disposed to do in the way of providing for the child is purely a matter of conjecture. Any provision he may make for the child will be a mere gratuity, as there is no legal obligation upon his part to support the child.

In all such cases the best interests of the child is the main consideration in determining the question as to his care, custody, control and education. Cohn v. Scott, 231 Ill. 556; Zimmerman v. Zimmerman, 242 Ill. 552. We are clearly of opinion that to deprive the child of the wholesome and decent influences now surrounding him in the home of appellant, and to commit him to the custody of appellee, a confessed adulteress, the wife of her former paramour, and the mother of a child whose paternity is in doubt, would be a misfortune indeed. The influences surrounding the child, as a member of the family of appellee, would most probably tend to his moral undoing, and his position in such a household would be most embarrassing and anomalous.

The record is not without evidence tending to show some substantial ground for appellant's apprehension that appellee and her husband might attempt to get possession of the child clandestinely or by force, but we would not be disposed to disturb a finding by the chancellor to the contrary. Conceding, however, that appellant's fears in that respect are groundless, the best interests of the child should not be jeopardized or sacrificed because appellant has refused to comply with the provisions of the original decree respecting

the right of appellee to have the child ten days in each year.   For his failure and refusal to obey the mandate of the original decree in that respect appellant is amenable in a proceeding for contempt to such penalty as will compel his obedience.

The decree is reversed and the cause remanded.

*Reversed and remanded.*